804 P.2d 945

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jerry D. RILEY, Defendant–Appellant.**

**No. 18647.**

Court of Appeals of Idaho.

Jan. 29, 1991.

Jonathan W. Cottrell, Sandpoint, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Jerry Riley appeals from a conviction for second-degree burglary urging that the sentence imposed on him was unreasonable. We hold that the district judge acted within his discretion in rejecting probation and sentencing Riley to a three-year term with a one-year minimum period of incarceration. We affirm.

The original charge against Riley was first-degree burglary. Riley confessed that he had stolen a radio, valued at $60, from a pickup truck owned by Mel George on December 3, 1989. After plea negotiations, the prosecutor agreed to reduce the charge to second-degree burglary, to which Riley entered a plea of guilty.

■ The standard of review applicable in cases where the sentence is claimed to be excessive, as well as in cases challenging the denial of probation and the imposition of a penitentiary sentence, is to determine whether there was an abuse of discretion. *State v. Ogata,* 95 Idaho 309, 508 P.2d 141 (1973). The sentence in this case, being well within the five-year maximum penalty allowed by I.C. § 18–1403, will not be disturbed on appeal absent an abuse of discretion. *State v. Cotton,* 100 Idaho 573, 602 P.2d 71 (1979). Moreover, unless the sentence is unreasonable under the facts of the case, we will not, on review, hold that the sentencing judge abused his discretion. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982).

Here, the presentence investigator recommended that Riley, age nineteen, be placed on supervised probation. The investigator's report suggests that incarceration for Riley would more likely be a detriment, not a deterrent. This conclusion appears to be based in part on the fact that Riley suffers from cognitive deficits stemming from a previous accident. A medical report, as well as statements from Riley's mother and others, attest that Riley has problems coping and becomes easily frustrated in the face of difficulties. The investigator concluded that Riley would benefit from the structure and encouragement available in a probation setting. The district judge while mindful that he must consider probation as the first option in sentencing, nevertheless chose not to follow the recommendation of the presentence investigator; however, the court decided to retain jurisdiction over Riley for a period of 120 days. I.C. § 19–2601(4).

■ The sentencing criteria to be applied in evaluating the reasonableness of a sentence are well established. *See State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). The specified minimum period of incarceration is deemed to be the probable measure of confinement and it is that period which we examine in a sentence review. *State v. Sanchez, supra.* The district judge was unconvinced that Riley comprehended the import of a felony conviction, though he had no significant prior criminal record. The judge was concerned with Riley's exhibited recalcitrant attitude, which belied his stated interest in completing his formal education and undergoing counseling. Riley was sentenced to a minimum term of one year and an inde-

terminate term of two years because the judge doubted that Riley would comply with the demands of probation and determined that some incarceration would be necessary. By retaining jurisdiction, the judge exercised his option to reconsider whether Riley would be better fit for probation at the end of the 120–day period. Accordingly, Riley was afforded an opportunity and an incentive to cooperate in a retained jurisdiction program, which would ultimately serve society's goals, as well as Riley's goals, and shape a productive citizen.

The sentencing judge's reasoning was sound and his course of action appropriate in light of the sentencing criteria he was bound to examine. The judgment of conviction and the sentence are affirmed.