## BLATT v. UNITED STATES.
### No. 4734.

Circuit Court of Appeals, Third Circuit.
July 15, 1932.

Sidney Simandl, of Newark, N. J. (Harold Simandl, of Newark, N. J., of counsel), for appellant.

Phillip Forman and Walter B. Petry, U. S. Attys., both of Trenton, N. J., for the United States.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment upon a verdict of guilty sentencing the defendant to fine and imprisonment. He was found guilty upon the second count of an information charging him with maintaining a common nuisance in that he kept and maintained a barroom where intoxicating liquor was kept for sale and sold.

At the conclusion of the testimony and before the summing up to the jury, the attorney for the defendant presented requests, written in longhand, to the trial judge. The sixth request was as follows: "Reasonable doubt is that condition of the mind that leaves the jury in such a state of mind after a consideration of all of the evidence that they cannot say they have an abiding conviction to a moral certainty of the truth of the charge." The court refused to so charge.

This definition of "reasonable doubt," requested by the defendant, was approved in substance in Agnew v. United States, 165 U. S. 36, 17 S. Ct. 235, 41 L. Ed. 624, and by this court in Berkowitz v. United States (C. C. A.) 5 F.(2d) 967.

While the jurors were instructed that the defendant was not obliged to prove his innocence and that it was their duty to acquit him unless they found him guilty beyond a reasonable doubt, they were given no instruction upon the meaning in the law of the term "reasonable doubt." This was error prejudicial to the defendant. Nanfito v. United States (C. C. A.) 20 F.(2d) 376.

The judgment is reversed, and the case remanded for a new trial.