### The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,

v.

### Francisco A. SABLAN, Defendant-Appellant.

### No. 78-1662.

United States Court of Appeals, Ninth Circuit.

Oct. 18, 1978.

Nancy Nye, Asst. Atty. Gen. (argued), Agana, Guam, for defendant-appellant.

Harold F. Parker, Asst. Public Defender (argued), Agana, Guam, for plaintiff-appellee.

Before DUNIWAY and CHOY, Circuit Judges, and POOLE,* District Judge.

DUNIWAY, Circuit Judge:

Sablan was convicted of murder in the first degree—a killing in the course of a robbery—, burglary, and assault with a deadly weapon. He was sentenced to life imprisonment for the murder, 15 years for the burglary, and 10 years for the assault, all sentences being concurrent. He was charged with "killing a human being, . . by shooting, during the perpetration of a felony, to wit: Robbery . . . in violation of Section 189, and punishable under Section 190 . . . of the Penal Code of Guam."

Section 189 provides:

Degrees of murder. All murder . . which is committed in the perpetration or attempt to perpetrate . . . robbery . . . is murder of the first degree . . ..

Section 190 provides that the punishment of murder of the first degree is "confinement in prison for life."

The evidence was that Sablan and two others planned a burglary and robbery. Sablan drove the others to the home of the victims. The two others entered the home. When the victims arrived and were confronted by the two would-be robbers, one of the victims drew a gun. He was shot and killed and a female with him was shot and

---

* The Honorable Cecil F. Poole, United States District Judge for the Northern District of California, sitting by designation.

wounded. The two robbers fled, Sablan driving the getaway car.

Sablan argues that the punishment prescribed by Section 190 is cruel and unusual. This argument was rejected by us in *People of the Territory of Guam v. Root,* 9 Cir., 1975, 524 F.2d 195, 198, *cert. denied,* 1976, 423 U.S. 1076, 96 S.Ct. 861, 47 L.Ed.2d 86.

Sablan argues that Sections 189 and 190 violated his rights to due process and equal protection. These arguments, too, were rejected in *Root, supra,* 524 F.2d at 197–98.

Sablan argues that the recent Supreme Court decisions dealing with the death penalty require that a statute imposing a mandatory sentence of life imprisonment for first degree murder be held invalid. Reliance is upon *Furman v. Georgia,* 1972, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346; *Gregg v. Georgia,* 1976, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859; *Roberts v. Louisiana,* 1976, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974; *Woodson v. North Carolina,* 1976, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944; *Roberts v. Louisiana,* 1977, 431 U.S. 633, 97 S.Ct. 1993, 52 L.Ed.2d 637; *Proffitt v. Florida,* 1976, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913; *Jurek v. Texas,* 1976, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929. Each of those cases dealt with the death penalty; each was decided as it was because it dealt with the death penalty. They are, in our view, sui generis, and are not authority for holding that a statute mandating life imprisonment for murder in the first degree is invalid under either the Eighth Amendment or the Fifth Amendment. There is a world of difference between locking a man up, even for life, and killing him.[1] We are not disposed to be the first court of appeals to hold that a statute requiring a sentence of life imprisonment for murder in the first degree is unconstitutional.

Sablan argues that because one of the other two robbers, who shot the victim, was permitted to plead guilty to a lesser offense, second degree murder, and sentenced to 20 years, Sablan's sentences should be vacated and he should be found guilty only of murder in the second degree and sentenced to 20 years. A substantially similar argument was considered and rejected in *Root, supra,* 524 F.2d at 198. Sablan was not charged or convicted as an accessory. He was charged and convicted as a principal. *Id.* at 197.

We commend Sablan's counsel for their zealous and imaginative arguments on appeal. But the questions presented are foreclosed by *Root.*

Affirmed.

---

1. Under Guam law, a person sentenced to life imprisonment is eligible for parole at the end of 10 years. Guam Government Code, 1974 Supp., § 39100.1(d)(2).