**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Francisco NOLASCO,
Defendant–Appellant.**

**No. 88–1156.**

United States Court of Appeals,
Ninth Circuit.

Argued En Banc and Submitted
July 24, 1990.

Decided Feb. 15, 1991.

---

David M. Ochoa, Phoenix, Ariz., for defendant-appellant.

Linda A. Akers, U.S. Atty., and Gary A. Husk, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before GOODWIN, WALLACE, FLETCHER, FARRIS, PREGERSON, ALARCON, POOLE, WIGGINS, NOONAN, LEAVY and FERNANDEZ, Circuit Judges.

FARRIS, Circuit Judge:

This en banc appeal calls for reconsideration of our rule establishing the circumstances under which it is reversible error for a district court to refuse to define "reasonable doubt" to the jury.

## I. BACKGROUND

Francisco Nolasco, an illegal alien, was convicted on 19 counts of harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(C). Nolasco appealed the district court's refusal to define the term "reasonable doubt" to the jury. In *United States v. Witt*, 648 F.2d 608 (9th Cir.1981), we held that the decision whether to give a supplemental instruction defining "reasonable doubt" was within the sound discretion of the district court. We subsequently qualified that discretion in *United States v. Wosepka*, 757 F.2d 1006 (9th Cir.), *modified*, 787 F.2d 1294 (1985), where we held that a trial judge committed reversible error by incorrectly defining reasonable doubt in a case involving complicated issues. The panel that initially considered the appeal in this case interpreted *Wosepka* to require a reasonable doubt definition in

every case of "any complexity." *United States v. Nolasco*, 881 F.2d 678, 679 (9th Cir.1989). Finding this case to be relatively simple and uncomplicated, the panel held that the district court did not abuse its discretion. We accepted the matter for en banc review because of our concern that *Wosepka* imposed a rule that is difficult of application. Although *Wosepka* reached what we believe to be a correct result, we overrule so much of the rationale of that decision as distinguishes simple from complex cases. In so doing, we return the circuit to the rule set forth in *Witt*.

## II. DISCUSSION

■ The requirement that a criminal charge must be proven beyond a reasonable doubt is "indispensable, for it 'impresses on the trier of fact the necessity of reaching a subjective state of certitude of the facts in issue.'" *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). The reasonable doubt standard gives substance to the presumption of innocence and instills confidence in the community that the innocent will not be condemned. *Id.* at 363–64, 90 S.Ct. at 1072–73. A defendant in a criminal case therefore has a constitutional right to have the jury instructed that guilt must be established beyond a reasonable doubt. *United States v. Rhodes*, 713 F.2d 463, 471 (9th Cir.), *cert. denied*, 464 U.S. 1012, 104 S.Ct. 535, 78 L.Ed.2d 715 (1983).

Because of the importance of understanding precisely what the words "reasonable doubt" mean as a legal standard, counsel for criminal defendants frequently request a further definition of those terms. At a minimum, the instructions to the jury must "as a whole, fairly and accurately convey the meaning of reasonable doubt." *United States v. Clabaugh*, 589 F.2d 1019, 1022 (9th Cir.1979). Courts have struggled to articulate a clear and unambiguous definition of the term "reasonable doubt." Several circuits have held that the phrase is one of common usage and acceptance, requiring no definition beyond the language itself. *See United States v. Olmstead*, 832 F.2d 642, 646 (1st Cir.1987), *cert. denied*,

486 U.S. 1009, 108 S.Ct. 1739, 100 L.Ed.2d 202 (1988); *United States v. Lawson*, 507 F.2d 433, 442–43 (7th Cir.1974), *cert. denied*, 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 762 (1975); *Murphy v. Holland*, 776 F.2d 470, 475 (4th Cir.1985) (term has "self-evident meaning comprehensible to the lay juror"), *vacated on other grounds*, 475 U.S. 1138, 106 S.Ct. 1787, 90 L.Ed.2d 334 (1986). The Supreme Court has noted that "[a]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury." *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 138, 99 L.Ed. 150 (1954) (*quoting Miles v. United States*, 103 U.S. 304, 312, 26 L.Ed. 481 (1880)). The *Holland* Court nevertheless suggested that an acceptable definition would define reasonable doubt as "the kind of doubt that would make a person hesitate to act." *Id.*

The challenge confronting a court that would define reasonable doubt is to avoid language that may "mislead the jury into finding no reasonable doubt when in fact there was some." *Id.* Numerous attempts to define reasonable doubt have resulted in reversible error or otherwise unacceptable deviations from the "hesitate to act" language. *See Cage v. Louisiana*, —— U.S. ——, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) (reversing conviction equating reasonable doubt with "grave uncertainty" and "actual substantial doubt"); *Monk v. Zelez*, 901 F.2d 885, 889–90 (10th Cir.1990) (reversing conviction where reasonable doubt defined as "a substantial honest, conscientious doubt"); *United States v. Campbell*, 874 F.2d 838, 843 (1st Cir.1989) (warning that defining reasonable doubt as "'a fair doubt' could impose a lesser burden on the prosecution"). We have generally warned against significant departure from the "hesitate to act" language, *see United States v. Robinson*, 546 F.2d 309, 313–14 (9th Cir.1976), *cert. denied*, 430 U.S. 918, 97 S.Ct. 1333, 51 L.Ed.2d 597 (1977), although we have upheld the use of other definitions. *E.g., id.* (not reversible error to define burden as evidence upon which juror would be "willing to act" on vital matters); *United States v. Bustillo*, 789 F.2d 1364, 1368 (9th Cir.1986) ("firmly con-

vinced" and "real possibility" language did not constitute plain error). *Cf.* Ninth Circuit Model Criminal Jury Instructions No. 3.03 (1989) (adopting "firmly convinced" language).

We recognized the difficulty of defining reasonable doubt in *United States v. Witt*, 648 F.2d 608 (9th Cir.1981), where we held that a district court's refusal to define reasonable doubt was not reversible error. We stated that "[a]lthough a proper definition is always appropriate, the decision whether to define reasonable doubt should be left to the court's discretion." *Id.* at 610–11 (footnote omitted).

 In *United States v. Wosepka*, 757 F.2d 1006 (9th Cir.1985), we again addressed a district court's failure adequately to define reasonable doubt to the jury. Finding that the case involved "complexity" and "conflicting evidence," we held that the "court's abbreviated instruction did not provide the guidance the jury needed in this complicated case." *Id.* at 1010. We distinguished *Witt* as limited to cases that are "fairly straightforward" involving uncomplicated evidence. *Id.* at 1009. In drawing this simple-complex distinction, we hoped to formulate a uniform rule to govern the circumstances in which the district courts would be required to define reasonable doubt. We failed. Upon reconsideration, we overrule *Wosepka*'s distinction between simple and complex cases, reaffirm *Witt*, and return the decision to define reasonable doubt to the sound discretion of the trial court.

We recognize that several circuits discourage or even condemn the use of reasonable doubt definitions. *See United States v. Ricks*, 882 F.2d 885, 894 (4th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 846, 107 L.Ed.2d 841 (1990); *Thompson v. Lynaugh*, 821 F.2d 1054, 1061 (5th Cir.1987); *United States v. Marquardt*, 786 F.2d 771, 784 (7th Cir.1986). *But see Friedman v. United States*, 381 F.2d 155, 160 (8th Cir.1967) (trial courts are required to define reasonable doubt); *Blatt v. United States*, 60 F.2d 481 (3d Cir.1932) (same). However, a substantial number of state jurisdictions within the confines of the Ninth Circuit take a contrary view. In these jurisdictions an instruction defining reasonable doubt is constitutionally required, or simply provided as a matter of practice or statute. *See, e.g., State v. McHenry*, 88 Wash.2d 211, 558 P.2d 188, 190 (1977) ("constitutional failure" not to define); *State v. Cotton*, 100 Idaho 573, 602 P.2d 71, 74 (1979); *State v. Robinson*, 235 Or. 524, 385 P.2d 754, 756 (1963) ("practice prevails" for jury to be instructed on definition of reasonable doubt); *see also* Nev.Rev.Stat. § 175.211 (1986) (specifying language of acceptable definition of reasonable doubt). We therefore refuse to preclude the giving of a supplemental instruction since counsel experienced in preparing such instructions in state courts will in all probability request them in federal cases. Moreover, a supplemental instruction may be helpful or even necessary in a few cases where, for example, the jury through questions submitted to the judge suggests it may be confused or uncertain as to the meaning of "reasonable doubt," or where counsel in argument or the court through other instructions may have invoked uncertainty or confusion as to its meaning. We therefore hold that an appropriate instruction defining reasonable doubt is permissible but not necessarily required.

 The district judge's decision not to define reasonable doubt will be reviewed under an abuse of discretion standard. *United States v. Witt*, 648 F.2d 608, 611 (9th Cir.1981); *see also United States v. Pace*, 833 F.2d 1307, 1314 (9th Cir.1987) (discretion in formulating jury instructions generally lies with the district court), *cert. denied,* 486 U.S. 1011, 108 S.Ct. 1742, 100 L.Ed.2d 205 (1988). To determine whether the judge has abused his discretion, we generally consider whether jury instructions, "considered as a whole ... are misleading or inadequate." *United States v. Spillone*, 879 F.2d 514, 525 (9th Cir.1989); *see also Cage v. Louisiana,* —— U.S. ——, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) (assessing propriety of reasonable doubt instruction by considering "how reasonable jurors could have understood the charge as a whole"). Under this standard, it is an

abuse of discretion for a judge to refuse to define reasonable doubt only when under the circumstances of the case the instructions fail to articulate the heavy burden intended by the reasonable doubt standard. *Cf. Cage*, —— U.S. at ——, 111 S.Ct. at 329 (when reasonable doubt is defined, instructions, as a whole, must properly convey the required degree of doubt); *United States v. Claubaugh*, 589 F.2d 1019, 1022 (9th Cir.1979) (same).

We offer no proposed definition, but we emphasize that the instructing court must ensure that any supplemental instruction does not detract from the heavy burden suggested by the use of the term "reasonable doubt" standing alone.

■ We have carefully reviewed the record. We are satisfied that the district court did not abuse its discretion in refusing to define reasonable doubt. The defendant requested the court to provide the Ninth Circuit Model Jury Instruction No. 3.04 defining the term reasonable doubt. Although the Government initially agreed to the instruction, it later made a timely objection to any definition of the standard. The instructions given identified the reasonable doubt standard numerous times and included an instruction on the presumption of innocence. Nothing in the instructions given tended to lessen the heavy burden created by the repeated admonitions that the government must prove each element of the crime "beyond a reasonable doubt." The district court determined that a supplemental instruction would not assist the jury. Nothing in the record even suggests that the district court abused its discretion in refusing the proffered supplemental instruction.

AFFIRMED.

WIGGINS, Circuit Judge, with whom PREGERSON, ALARCON, and FERNANDEZ, Circuit Judges, join, dissenting:

The majority acknowledges the indispensability in our criminal justice system of the government's burden of proving guilt beyond a reasonable doubt. That high standard of proof is required by the due process clause of the Constitution for reasons articulated by the Supreme Court in *In re Winship:*

> The accused during a criminal prosecution has at stake interests of immense importance, both because of the possibility that he may lose his liberty upon conviction and because of the certainty that he would be stigmatized by the conviction.

397 U.S. 358, 363, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). The Court further emphasized that the standard must play an important instructive role for the jury.

> To this end, the reasonable-doubt standard is indispensable, for it 'impresses on the trier of fact the necessity of reaching a subjective state of certitude of the facts in issue.'

*Id.* at 364, 90 S.Ct. at 1072.

Nevertheless, the majority declines to require trial judges to give any explanation of the reasonable doubt standard to the jury other than stating the bare words "beyond a reasonable doubt." Because I believe the majority's approach is inadequate, I respectfully dissent.

The phrase "beyond a reasonable doubt" conveys an important legal concept. It is not a common phrase used by lay people and does not have a self-evident meaning. True, each word in the phrase occurs regularly in common speech. However, placed together without further explanation, the words do not necessarily convey the high standard of proof that the due process clause requires. *United States v. Witt*, 648 F.2d 608, 612 (9th Cir.1981) (Anderson, J., concurring). It is not immediately obvious to individuals untrained in the law that proof beyond a reasonable doubt means a higher level of proof than a preponderance of the evidence. *See* David U. Strawn & Raymond W. Buchanan, "Jury Confusion: A Threat to Justice," 59 *Judicature* 478, 481–82 (May 1976) (study shows high standard of proof not comprehended from the language "to the exclusion of and beyond every reasonable doubt"). Some explanation is necessary to alert the jurors that they must be almost certain before returning a verdict of guilty. *See* McBaine,

*Burden of Proof: Degrees of Belief,* 32 Calif.L.Rev. 242, 265–66 (1944).

An instruction should explain to jurors that before they can convict, they must be firmly convinced of the defendant's guilt. Simple repetition of the phrase "beyond a reasonable doubt" does not adequately communicate to jurors the degree to which they must be convinced. In addition, by taking the time to explain the meaning of reasonable doubt, the judge impresses upon the jury the importance and seriousness of the high level of proof demanded by the reasonable doubt standard. Moreover, an instruction that defines reasonable doubt provides a basis from which the defense attorney can argue, and the jurors can discuss, the convincing force of the evidence. Jurors need to be given a connection between the reasonable doubt language and their own more familiar decisionmaking processes. *Cf.* William W. Schwarzer, "Communicating with Juries: Problems and Remedies," 69 *Calif.L.Rev.,* 731, 741 (1981) (jurors better understand abstract statements of legal principles when somehow connected to their prior experience or placed in a concrete context).

A model instruction that furthers this purpose has been suggested by Edward J. Devitt and Charles B. Blackmar:

> A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

Edward J. Devitt & Charles B. Blackmar, *Federal Jury Practice and Instructions* 3d ed., § 11.14 (1977). The Supreme Court approved similar language in *Holland v. United States,* 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954). Other definitions of reasonable doubt developed from trial experience may serve to instruct the jury just as well as Devitt and Blackmar's suggestion. *See, e.g., Manual of Model Criminal Jury Instructions for the Ninth Circuit* § 3.03 (West 1989) ("Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.").

Of course, trial judges should be discouraged from deviating substantially from standard definitions of reasonable doubt approved by experience. *United States v. Ivic,* 700 F.2d 51, 68–69 (2d Cir.1983). The Supreme Court has pointed out that many attempted definitions do not make the term more understandable. *Holland,* 348 U.S. at 140, 75 S.Ct. at 137 (quoting *Miles v. United States,* 103 U.S. 304, 312, 26 L.Ed. 481 (1880) ("Attempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury.")). There is a real danger that a judge's novel formulation will diminish rather than emphasize the government's burden of proof, requiring reversal. *See, e.g., Monk v. Zelez,* 901 F.2d 885, 889–91 (10th Cir.1990) (judge's "willingness to act" language, and language equating "reasonable" doubt with "substantial" doubt, imposed "a less stringent burden of proof on the government than is constitutionally required"). *See also, Cage v. Louisiana,* — U.S. —, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990).

Nevertheless, no definition at all leaves the jury without sufficient guidance on the extent of the government's burden. As the original panel in this case noted,

> [E]xplaining the meaning of the term reasonable doubt could be of considerable assistance to a jury and could well increase the chances that the verdict will be consistent with the mandates of the constitution.... Accordingly, we conclude that the better practice is for the district court to give a reasonable doubt instruction in all cases.

Due process principles require that guilt be established beyond a reasonable doubt. Likewise, due process principles require a judge to define that standard adequately for the jury—the group charged with the solemn task of determining guilt or innocence. I believe that failure to do so con-

stitutes plain and reversible error.[1]

---

**1.** Four circuits agree that the failure to define reasonable doubt constitutes reversible error. *Blatt v. United States,* 60 F.2d 481, 481 (3d Cir.1932); *Friedman v. United States,* 381 F.2d 155, 160–61 (8th Cir.1967); *United States v. Pepe,* 501 F.2d 1142, 1143–44 (10th Cir.1974); *Mundy v. United States,* 176 F.2d 32, 32–33 (D.C. Cir.1949).

Four circuits agree with the majority that the decision to define reasonable doubt should be left to the trial court's discretion. *United States v. Olmstead,* 832 F.2d 642, 644–46 (1st Cir.1987), *cert. denied,* 486 U.S. 1009, 108 S.Ct. 1739, 100 L.Ed.2d 202 (1988); *United States v. Ivic,* 700 F.2d 51, 68–69 (2d Cir.1983); *Thompson v. Ly-*

*naugh,* 821 F.2d 1054, 1060–61 (5th Cir.), *cert. denied,* 483 U.S. 1035, 108 S.Ct. 5, 97 L.Ed.2d 794 (1987); *Whiteside v. Parke,* 705 F.2d 869, 871–73 (6th Cir.), *cert. denied,* 464 U.S. 843, 104 S.Ct. 141, 78 L.Ed.2d 133 (1983).

Two additional circuit courts leave the decision to define with the trial court, but strongly condemn the use of *any* definition. *Murphy v. Holland,* 776 F.2d 470, 475–79 (4th Cir.1985), vacated on other grounds, 475 U.S. 1138, 106 S.Ct. 1787, 90 L.Ed.2d 334 (1986); *United States v. Hall,* 854 F.2d 1036, 1037–39 (7th Cir.1988).

The eleventh circuit has not yet considered the question.