951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario CORONEL-ESTRADA, Defendant-Appellant.
 No. 91-50054.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991*
Decided Dec. 11, 1991.
 
 Before HUG, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mario Coronel-Estrada (Coronel) appeals his conviction by jury trial for numerous controlled substance offenses.[1] Coronel contends that the district court's jury instruction defining reasonable doubt suggests a higher degree of doubt than is required for an acquittal. In addition, Coronel argues that the district court erred by refusing to take judicial notice of the dictionary definition of the term "mota." We have jurisdiction under 28 U.S.C. § 1291 and affirm the conviction.
 
 Jury Instructions
 
 3
 We review whether a jury instruction was an accurate statement of the law de novo. United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990). "We ' "determine whether, viewing the instructions as a whole, the court gave adequate instruction ... to ensure that the jury fully understood the issues," and to determine "whether the instruction is misleading or states the law incorrectly to the prejudice of the objecting party." ' " Id. at 279 (citations omitted). The formulation or choice of language of the jury instructions is within the discretion of the district court. United States v. Echeverry, 759 F.2d 1451, 1455 (9th Cir.1985). "The availability of a better instruction is not a ground for reversal." United States v. Ward, 914 F.2d 1340, 1344 (9th Cir.1990).
 
 
 4
 "[A]n appropriate instruction defining reasonable doubt is permissible but not necessarily required." United States v. Nolasco, 926 F.2d 869, 872 (9th Cir.) (en banc), cert. denied, 112 S.Ct. 111 (1991). In the event the district court provides a definition, such instruction must "not detract from the heavy burden suggested by the use of the term 'reasonable doubt' standing alone." Id. at 873.
 
 
 5
 Here, Coronel urged the district court to give the instructions suggested by Devitt and Blackmar, which describe reasonable doubt as "doubt that would make a reasonable person hesitate to act." Devitt and Blackmar, Federal Jury Practice and Instructions, § 11.14 (3d ed. 1977). Nevertheless, the district court defined reasonable doubt according to section 3.03 of the model jury instructions for the Ninth Circuit, which partially provides that "[p]roof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty." Manual of Model Criminal Jury Instructions for the Ninth Circuit, § 3.03 (West 1989). In addition, the district court included an instruction on the presumption of innocence.
 
 
 6
 Coronel argues that the "firmly convinced" language suggests a higher degree of doubt than is required for acquittal under the reasonable doubt standard. Nevertheless, considering the instructions as a whole, the district court clearly indicated to the jury that Coronel was presumed innocent, and that the government had the burden of convincing them of Coronel's guilt beyond a reasonable doubt. See Nolasco, 926 F.2d at 873. The "firmly convinced" language did not tend to lessen the government's heavy burden created by the instructions in their entirety, and therefore, the district court's instruction was proper.[2]
 
 Judicial Notice
 
 7
 The district court may take judicial notice of adjudicative facts if they are not "subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201. "In a criminal case, the [district] court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed." Id. We review the district court's decision whether to take judicial notice for an abuse of discretion. See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 777 (9th Cir.1989), cert. denied, 110 S.Ct. 3216 (1990).
 
 
 8
 Here, a government agent testified at trial that he used the term "mota" while speaking with Coronel. The agent understood "mota" to be the Spanish slang word for marijuana. Coronel requested the district court to take judicial notice of the dictionary definition of "mota," which was defined as "spot, speck, mote, slight flaw, speck, burl, knot."[3] See SER 10-12. The district court refused Coronel's request because the slang definition of the term "mota" substantially differed from its dictionary definition. Since the meaning of "mota" within the context of the conversation between the agent and Coronel was subject to reasonable dispute, the district court did not abuse its discretion by refusing to take judicial notice of the term's dictionary meaning. See Fed.R.Evid. 201(b).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument, and therefore Coronel's request for oral argument is denied. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Coronel was convicted of conspiracy to import and knowing and intentional importation of marijuana, in violation of 21 U.S.C. §§ 952, 960, 963, and conspiracy to possess and knowing and intentional possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2
 
 
 [2]
 Furthermore, although this court offers no proposed definition for reasonable doubt, we have suggested that section 3.03 of the model jury instructions for the Ninth Circuit adequately defines the term. See Nolasco, 926 F.2d at 874 (Wiggins, J., dissenting)
 
 
 [3]
 Coronel argues that introduction of the dictionary definition was relevant to show that he may not have understood that the government agent was referring to marijuana. Nevertheless, Coronel did not challenge the agent's testimony concerning the term "mota," and aside from his request for judicial notice, did not present any evidence to show that he misunderstood the meaning of the word