952 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abigail LEWIS, Defendant-Appellant.
 No. 90-10124.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1991.
Withdrawn from Submission May 23, 1991.
Resubmitted Dec. 26, 1991.
Decided Jan. 6, 1992.
 
 Before SCHROEDER, CANBY and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Abigail Lewis, an Indian, was found guilty by a jury of first degree murder committed on an Indian reservation. The district court sentenced her to life imprisonment, as mandated by 18 U.S.C. § 1111. Lewis raises on appeal various issues concerning jury instructions and the constitutionality of her sentence. We affirm.
 
 Jury Instructions
 
 3
 Lewis challenges the trial court's instruction to the jury regarding the reasonable doubt standard. In the disputed portion of the instruction, the trial judge stated:
 
 
 4
 A reasonable doubt is a doubt based upon reason and common sense which arises after a careful and impartial consideration of all the evidence.
 
 
 5
 Proof beyond a reasonable doubt is proof that leaves you firmly convinced that Ms. Lewis is guilty of the charge.
 
 
 6
 Lewis first argues that the "firmly convinced" standard is insufficiently rigorous. We have recently observed, however, that there is more than one permissible formulation of "reasonable doubt." United States v. Nolasco, 926 F.2d 869, 871 (9th Cir.1991) (en banc). Indeed, the "firmly convinced" definition was adopted in 1989 as Model Criminal Jury Instructions for the Ninth Circuit, No. 3.03, in order to provide a more rigorous standard than the previous definition of "evidence so convincing that an ordinary person would be willing to make the most important decisions of his or her life on the basis of such evidence." See Commentary to Ninth Circuit Model Jury Instruction No. 3.03. In United States v. Bustillo, 789 F.2d 1364, 1368 (9th Cir.1986), we held that the giving of a "firmly convinced" instruction was not plain error. Here we find it not to be reversible error, because the definition "does not detract from the heavy burden suggested by the use of the term 'reasonable doubt' standing alone." Nolasco, 926 F.2d at 873.
 
 
 7
 Lewis also attacks the trial court's instruction to the jurors that they should view the evidence with "careful and impartial consideration." Lewis argues that this instruction is contrary to the rule that defendants are to be presumed innocent. The jury was thoroughly instructed, however, on the presumption of innocence. That presumption is clearly not inconsistent with an adjuration to the jury to consider the evidence impartially. The trial court did not err in the instructions.
 
 Life Sentence
 
 8
 Lewis attacks the constitutionality of 18 U.S.C. § 1111(b), which mandates a sentence of life imprisonment for first degree murder, as cruel and unusual punishment in violation of the Eighth Amendment. Lewis relies on death penalty cases and argues that the Constitution requires a judge to consider mitigating evidence before deciding whether to sentence a defendant to life imprisonment. See Penry v. Lynaugh, 492 U.S. 302 (1989); Eddings v. Oklahoma, 455 U.S. 104 (1982); Lockett v. Ohio, 438 U.S. 586 (1978); but see People of the Territory of Guam v. Sablan, 584 F.2d 340, 341 (9th Cir.1978) (death penalty cases inapplicable to life imprisonment). Lewis' argument, however, is foreclosed by our recent decision in United States v. LaFleur, No. 89-50599, slip op. 16071, 16090-93 (9th Cir. Dec. 16, 1991). In La Fleur, we held that the mandatory minimum life sentence provided by 18 U.S.C. § 1111(b) did not violate the Eighth Amendment, the equal protection component of the Fifth Amendment, or the Fifth Amendment's guarantees of procedural and substantive due process. We also held that the elimination of parole by the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., did not render unconstitutional a mandatory life sentence rendered pursuant to section 1111(b). United States v. LaFleur, No. 89-50599, slip op. 16071, 16084-89 (9th Cir. Dec. 16, 1991). Lewis's Eighth Amendment and due process arguments accordingly fail.
 
 
 9
 Lewis next argues that because 21 U.S.C. § 848(e) of the United States Code establishes a punishment of from twenty years imprisonment to death for a killing committed in the course of drug trafficking, the sentence of mandatory life imprisonment for first degree murder violates the equal protection clause of the Constitution. This argument lacks merit. Lewis has not presented us with any reason why Congress may not constitutionally impose the punishment of life in prison for premeditated murder while providing the same or a lesser punishment for felony-murder, which need not be premeditated. See People of the Territory of Guam v. Root, 524 F.2d 195, 198 (9th Cir.1975) (premeditation not required for felony murder), cert. denied, 423 U.S. 1076 (1976).
 
 Ineffective Assistance of Counsel
 
 10
 Lewis' final argument is that a perceived conflict between existing sentencing provisions of the United States Code caused her attorney to be less than certain what the punishment for first degree murder is, and thus her attorney was unable effectively to counsel her on the risk of going to trial instead of entering a plea agreement. This argument, too, is without merit.
 
 
 11
 It is true that the mandatory minimum life sentence for murder specified in 18 U.S.C. § 1111(b) is potentially inconsistent with the later sentencing scheme established by 18 U.S.C. §§ 3559(a) and 3581. Section 3559(a) establishes letter-classes of felonies, and makes crimes punishable by a maximum of life imprisonment a Class A felony. Section 3581(b)(1) then provides that the authorized punishment for a Class A felony is life or any period of years. We recently addressed this apparent inconsistency, however, and held that the letter-grade classification system of sections 3559(a) and 3581 was simply not applicable to section 1111(b), which contained its own specified penalty of mandatory life imprisonment. LaFleur, slip op. at 16085-89.
 
 
 12
 We reject the argument that the apparent inconsistency between sentencing schemes rendered Lewis's counsel ineffective in advising her whether to go to trial. First, there is no question that the statute under which Lewis was charged specified a mandatory minimum life sentence. Counsel could not have failed to be aware that this sentence was a likely consequence of conviction, and nothing in the record indicates that counsel was not so aware. Second, there were no plea bargains offered; the supposed dilemma of counsel is wholly hypothetical. Nothing in the record supports Lewis's argument that counsel was ineffective in her defense.
 
 Conclusion
 
 13
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3