17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maurice BOYLAND, Defendant-Appellant.
 No. 93-10324.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 14, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maurice Boyland appeals from his convictions following a jury trial for possessing crack cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1), being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1), and using a firearm in a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c). Boyland contends that the district court erred by (1) failing to give the jury an instruction defining reasonable doubt; (2) failing to give the jury an instruction defining the presumption of innocence; and (3) admitting evidence of his prior conviction for possession of crack cocaine for sale. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 I. Reasonable Doubt Instruction
 
 3
 Boyland contends that the district court erred when it failed to give the jury an instruction defining reasonable doubt. This contention lacks merit.
 
 
 4
 When a jury is given a reasonable doubt instruction which suggests a higher degree of doubt for acquittal than is required under the reasonable doubt standard, that misstatement of the law constitutes reversible error per se. See Sullivan v. Louisiana, 113 S.Ct. 2078, 2082-83 (1993); Cage v. Louisiana, 498 U.S. 39, 41 (1990) (per curiam).
 
 
 5
 When a district court refuses to give an instruction defining reasonable doubt, the district court has not abused its discretion where the jury has been repeatedly admonished that the government must prove each element of each offense beyond a reasonable doubt and the instructions as a whole in no way lessen the heavy burden intended by the reasonable doubt standard. United States v. Nolasco, 926 F.2d 869, 873 (9th Cir.) (en banc), cert. denied, 112 S.Ct. 111 (1991).
 
 
 6
 Here, the district court did not give nor refuse an instruction defining reasonable doubt. Instead the court, after refusing Boyland's formulation, indicated that it would submit its own definition of reasonable doubt to the jury but then inadvertently omitted to do so. Because Boyland failed to object to that omission, we review for plain error. See United States v. Payne, 944 F.2d 1458, 1464 (9th Cir.1991), cert. denied, 112 S.Ct. 1598 (1992).
 
 
 7
 Federal Rule of Criminal Procedure 52(b) "defines a single category of forfeited-but-reversible error," giving appellate courts the discretion to correct plain error even though a party has failed to preserve the error below. United States v. Olano, 113 S.Ct. 1770, 1777 (1993).
 
 
 8
 In order to establish plain error, appellant must show that there was an actual error, obvious under current law and affecting a substantial right. Id. at 1777-78. Even if the error is plain, we may order correction, but are not required to do so. Id. at 1778.
 
 
 9
 Boyland contends that the district court erred when it failed to define reasonable doubt. He does not contend that any instruction actually given by the court permitted conviction upon a lesser standard. Although the district court never defined reasonable doubt, the court informed the jury numerous times that Boyland could not be convicted of any offense unless and until the government had proven each element of the offense beyond a reasonable doubt. Because the jury was repeatedly admonished that the government must prove each offense beyond a reasonable doubt and because the instructions as a whole in no way lessened the heavy burden intended by the reasonable doubt standard, the district court's inadvertent failure to define reasonable doubt was not an abuse of discretion, much less plain error. See Olano, 113 S.Ct. at 1777-78; Nolasco, 926 F.2d at 873.
 
 II. Presumption of Innocence Instruction
 
 10
 Boyland contends that the district court erred when it failed to give the jury an instruction defining the presumption of innocence. This contention lacks merit.
 
 
 11
 Because Boyland failed to object to the omission of this instruction, we review for plain error. See Payne, 944 F.2d at 1464; Fed.R.Crim.P. 52(b).
 
 
 12
 The failure to give a requested instruction on the presumption of innocence does not in and of itself violate the Constitution. Kentucky v. Whorton, 441 U.S. 786, 789 (1979). The reviewing court must consider the totality of the circumstances, including the entire jury charge, the arguments of counsel and the weight of the evidence, to determine whether the omission of a presumption of innocence instruction deprived the defendant of a constitutionally fair trial. Id.
 
 
 13
 The purpose of the presumption of innocence instruction is to reinforce the requirements of finding guilt only on the basis of the evidence and beyond a reasonable doubt. Taylor v. Kentucky, 436 U.S. 478, 486 n. 13 (1978). Where both of these functions are met by other instructions, we held in Payne, 944 F.2d at 1468, the failure to give the presumption of innocence instruction does not constitute plain error.
 
 
 14
 Although the district court failed to define the presumption of innocence in its closing instructions to the jury, the court repeatedly admonished the jury that Boyland was presumed innocent until proven guilty beyond a reasonable doubt.
 
 
 15
 At voir dire, jury panel members were instructed:
 
 
 16
 The defendant has pleaded not guilty and has put in issue all of the charges, and the defendant at this point is presumed to be innocent, and that presumption of innocence will continue until, if ever, it is overcome by sufficient evidence from the United States, and from all the witnesses presented, to convince you beyond a reasonable doubt that the defendant is guilty (RT 11).
 
 
 17
 After the jury was sworn, the district court gave the jury a similar admonition:
 
 
 18
 As I've told you, the defendant's pleaded not guilty to the charge. He's presumed innocent of the charge. The indictment is simply a charge, and the--it is no evidence of any sort against him. The defendant is to be considered--presumed by you to be innocent until his guilt is proved to your satisfaction beyond a reasonable doubt (RT 107A).
 
 
 19
 Boyland's counsel, in closing argument, reminded the jury of the court's earlier instructions regarding the presumption of innocence (RT 481).
 
 
 20
 In its closing instructions to the jury, the district court omitted the instruction defining the presumption of innocence, but again emphasized:
 
 
 21
 The burden is always on the United States to establish each of these elements by proof beyond a reasonable doubt. In this, as in every other count, the law never imposes on the defendant any burden of introducing any evidence or calling any witnesses. The burden is certainly not on the defendant to prove his innocence. The burden is always on the United States to prove the guilt of the defendant, and to prove it beyond a reasonable doubt (RT 517).
 
 
 22
 We are satisfied that the instructions in this case were adequate to inform the jury that guilt could be found only on the basis of the evidence and if proved beyond a reasonable doubt. Accordingly, the district court's inadvertent failure to give the presumption of innocence instruction did not constitute plain error. See Payne, 944 F.2d at 1468.
 
 
 23
 Boyland insists his case is distinguishable from Payne because Payne's jury received an instruction defining reasonable doubt whereas his did not. See id. Boyland argues that the fact that both reasonable doubt and the presumption of innocence were never defined for his jury caused per se plain error. We disagree. Because the jury was repeatedly admonished that Boyland was presumed innocent unless and until the government proved his guilt on the evidence beyond a reasonable doubt, see id., and the instructions as a whole in no way lessened the heavy burden intended by the reasonable doubt standard, see Nolasco, 926 F.2d at 873, the district court's inadvertent failure to give either the reasonable doubt or the presumption of innocence instruction, neither individually nor cumulatively, constituted plain error.
 
 III. Admission of the Prior Conviction
 
 24
 Boyland contends that the district court erred when it admitted evidence of his prior conviction for possession of crack cocaine for sale because the prior conviction was not probative of any issue in dispute and was too remote in time. These contentions lack merit.
 
 
 25
 The district court's decision to admit evidence pursuant to Federal Rule of Evidence 404(b) is reviewed for an abuse of discretion; whether evidence falls within the scope of 404(b) is subject to de novo review. United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993).
 
 
 26
 Evidence of prior bad conduct is inadmissible to show criminal propensity but, if sufficiently similar and close in time to the present conduct charged, United States v. Alfonso, 759 F.2d 728, 739 (9th Cir.1985), may be admitted when probative of a material issue in the case, United States v. Ramirez-Jiminez, 967 F.2d 1321, 1325 (9th Cir.1992). But even if material, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403.
 
 
 27
 A defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to the issue of intent in prosecutions for possession of and intent to distribute narcotics. See United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1991). The government is entitled to introduce probative 404(b) evidence, whether or not the defendant chooses to contest the particular issue his prior act tends to prove. United States v. Jones, 982 F.2d 380, 382 (9th Cir.1992).
 
 
 28
 Boyland claims that the only issue in dispute at his 1991 trial concerning the charged offense of crack cocaine with intent to distribute was whether the crack cocaine belonged to Boyland or his brother, both of whom had prior convictions for drug trafficking. Boyland argues that his prior conviction has no tendency to prove that the cocaine belonged to him rather than to his brother and therefore was admitted solely to prove propensity. Boyland does not dispute that the jury was aware that both he and his brother had prior convictions for drug trafficking.
 
 
 29
 Boyland's prior conviction for possession of crack cocaine for sale is relevant to the issue of his intent in a subsequent prosecution for possession of and intent to distribute narcotics. See Houser, 929 F.2d at 1373. Whether or not Boyland disputed the element of intent, the government was entitled to introduce probative 404(b) evidence on that issue. See Jones, 982 F.2d at 382.
 
 
 30
 Boyland's 1988 conviction is not so remote in time from his 1991 charges that the probative value of the 1988 conviction is substantially outweighed by undue prejudice. See Houser, 929 F.2d at 1373.
 
 
 31
 Accordingly, the district court did not err when it admitted evidence of Boyland's prior conviction.
 
 
 32
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3