**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth John ARCAND, Defendant–
Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**Bobbi Jo Wing, Defendant–Appellant.**

**Nos. 06–30124, 06–30133.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2006.

Filed Jan. 29, 2007.

Lori Harper Suek, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

David F. Ness, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM *

Pathetic events led to a fire, a death, and the conviction of Bobbi Jo Wing and Kenneth Arcand for first-degree murder. There is no legal basis for overturning Appellants' convictions.

■ Appellants argue that the district court improperly implied it possessed discretion in sentencing by instructing the jury that "punishment ... is for the court to decide." The judge, however, added "You may not consider punishment in de-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ciding whether the government has proved its case against a Defendant beyond a reasonable doubt." When read as a whole, the instruction properly distinguishes the fact-finding role of the jury from the sentencing role of the court, and does not make the implication suggested by Appellants.

■ Appellants argue the district court had the power and obligation to depart downward from the statutory minimum sentence of life imprisonment. Under *United States v. LaFleur*, however, the district court had no authority to depart downward from the statutory minimum of life imprisonment for first-degree murder. *See U.S. v. LaFleur*, 971 F.2d 200, 208 (9th Cir.1991). Nor did the district court have authority to depart downward under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Booker* does not apply to statutory minimum sentences. *See United States v. Dare*, 425 F.3d 634, 641 (9th Cir.2005).

■ Appellants' life sentences are not unconstitutionally cruel and unusual under the Eighth Amendment. We have previously upheld life imprisonment for first-degree felony-murder against Eighth Amendment challenges. *See Guam v. Sablan*, 584 F.2d 340, 341 (9th Cir.1978).

■ Appellants argue the evidence was insufficient to convict because the Government's case rested almost entirely on Appellants' retracted confessions. The jury, however, may rely on retracted confessions to convict. Moreover, the Government introduced sufficient evidence to corroborate Appellants' confessions. The State Fire Marshal testified for the Government that the fire had burned longest in the living room and carport, the two places where Appellants confessed to starting the fire.

■ Appellants argue the district court erred by excluding evidence of a previous instance in which Wing's mother, Hannah, set a fire in a relative's yard. Appellants contend this "prior bad act" evidence was relevant under Fed.R.Evid. 404(b) to show that Hannah, not the Appellants, committed the arson at issue in this case.

"Prior bad act" evidence offered to prove identity, however, must be sufficiently distinctive to warrant an inference that the person who committed the act also committed the offense at issue. *United States v. Luna*, 21 F.3d 874, 878–79 (9th Cir.1994). Here, the prior bad act was a small fire in a front yard, while the arson at issue was a massive fire inside a house. Moreover, there was no evidence the two fires were started in the same manner.

■ Appellants argue the district court erred by limiting direct examination as to Wing's state of mind shortly before she confessed to the crime. The first prohibited question, relating to one of the investigating FBI Agents' Indian ancestry, was properly excluded. It had little relevance to Wing's state of mind and presented a danger of injecting racial prejudice into the proceedings.

■ The other two prohibited questions by defense counsel asked Appellant Wing how she felt shortly before she confessed. Despite prohibiting these open-ended questions, Wing was allowed to testify that she falsely confessed to spare her family. The district court, therefore, was within its discretion to exclude such evidence. *See* Fed.R.Evid. 403 (relevant evidence may be excluded if its probative value is substantially outweighed by considerations about the needless presentation of cumulative evidence).

AFFIRMED.

CLIFTON, Circuit Judge, concurring:

I write separately to express my dismay at the consequences of the result we reach. Although I concur in the memorandum disposition and join fully in its legal analysis, I find the outcome of this case to be troubling.

Even the Government appears to accept that the terrible death of the victim here was an unintended consequence of the defendants' act of burning down a house they viewed as theirs, in order to end a long-running family disagreement. It has not been disputed that the defendants acted without knowledge that the victim, previously seen getting into a car, had returned to the house and fallen asleep in a bedroom. Nothing reflects any intent on the part of the defendants to injure the victim or anyone else. Aside from this one episode, the defendants have had only a few minor brushes with the law. Yet the mandatory sentences of life imprisonment mean that the lives of these young people, aged 25 and 21 at the time of conviction, may be entirely squandered in prison. It is appropriate that the defendants be seriously punished for what they did, but these life sentences do not square with my concept of justice.

I do not suggest that a mandatory sentence of life imprisonment for felony murder is fundamentally unjust. Rather, I am struck by the consequences of how prosecutorial discretion was exercised in this case. It is telling to me that the Government has made no effort to defend these life sentences based on the particular facts here. I acknowledge that I may not have a complete picture, because it has not been necessary for us to investigate the details of all that occurred that night. I agree with the Government that serious punishment is properly in order. Arson is a serious crime. Anyone setting a fire, even if acting legally, should be responsible for making sure that it is done safely and that nobody will be hurt, which the defendants failed to do. But the Government has not argued or even indicated a belief that the appropriate punishment on the facts of this case is life imprisonment. Why did the Government pursue first-degree murder charges, if it cannot justify the resulting mandatory punishment based on the specific acts of these individuals? What happened here seems much more like what most people would understand as negligent homicide; I suspect few, if any, would consider this "first-degree murder."

Rather than justify the life sentences for these defendants, the suggestion was made at oral argument that felony murder was charged here so that the defendants might be persuaded to accept a deal that involved pleading guilty to a lesser charge. Despite my appreciation for the candor displayed by the Government, this explanation provides no comfort. Whatever might be said about using charging decisions as part of hardball negotiation, there is nothing to commend carrying this strategy through to conviction, at least in this case. The Government brought these charges; it cannot pretend to be an innocent bystander without responsibility for what happened thereafter.

Extreme justice is extreme injustice, according to an ancient legal maxim cited by Cicero. *Bartlett's Familiar Quotations* 108b n. 7, 151b (Emily Morison Beck ed., 14th ed.1968) ("summun ius summa iniuria"). So it may be here. This court cannot properly alter the result of what was set in motion by this prosecution, but that does not have to be the end of the story. The President has the power to temper justice with mercy. I hope that the Executive Branch revisits this case and, if the facts truly are as they have been made to appear to us, will consider

letting the defendants go after a more appropriate term of incarceration.