571 P.2d 332

The STATE of Idaho,
Plaintiff-Respondent,

v.

Gary Ray COOK, Defendant-Appellant.

No. 12485.

Supreme Court of Idaho.

Nov. 17, 1977.

S. David Swayne, Moscow, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., James W. Blaine, Deputy Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

The defendant was arrested and taken into custody on September 25, 1976. He was charged with assault with a deadly weapon. On September 27, 1976, the defendant filed a motion giving notice that he was going to rely on the affirmative defense of mental illness or defect. The motion requested a mental examination pursuant to I.C. § 18–211. This examination was ordered and the defendant underwent a fifty to sixty minute mental examination at the State Mental Hospital in Orofino on October 5, 1976. On October 7, 1976, arraignment proceedings commenced before the district court. The defendant moved for a reevaluation of his mental condition at this proceeding pursuant to I.C. § 18–213. The district court granted this motion for a reevaluation and the arraignment proceedings terminated. The district court indicated that the second evaluation was to be completed by October 13, 1976.

On October 8, the second examination was commenced. The doctor conducting this second examination attempted to acquire records from a hospital where the defendant had previously been treated, but was unable to do so by October 13. The doctor was also unable to solicit very much information from the defendant through personal interviews. On October 13, 1976 the district court held a proceeding to consider the defense of mental disease or defect. October 13 was the day that the case had been set for trial. The doctor working on the second examination testified at this proceeding that he had insufficient information to give an opinion regarding the defendant's sanity and ability to control his

actions. The defendant moved for a continuance at the end of this proceeding, indicating that more time was needed to develop the insanity defense. This motion was denied by the district court.

In the afternoon on October 13, 1976, the arraignment proceedings were continued. The district court stated that the defendant was competent to stand trial and that the sanity defense should be submitted to the jury. The defendant then entered a plea of not guilty by reason of mental disease or defect and the trial was commenced. The case was submitted to the jury on the next day and the jury found the defendant guilty of the charges.

The defendant filed this appeal contending:

(1) The district court's denial of defendant's motion for a continuance at the sanity hearing deprived the defendant of an opportunity to adequately prepare his affirmative defense;

(2) The district court erred in failing to allow the defendant two days to prepare for trial after the arraignment and entry of plea pursuant to I.C. § 19–1908; and

(3) The district court erred in denying the defendant's proposed instructions concerning the definition of assault and the definition of mental disease or defect.

The defendant's conviction is reversed and the case is remanded to district court for a new trial. We do so for two reasons.

Idaho Code § 18–213 provides that a defendant can obtain a complete independent psychiatric examination. This independent examination provided for by the Legislature would be meaningless unless the defendant is given sufficient time to complete the examination. The defendant in this case was only given two full working days to prepare the examination. This was an insufficient amount of time to prepare the defense and the defendant's substantial rights were prejudiced by the court's denial of the motion for a continuance. *State v. Laws,* 94 Idaho 200, 485 P.2d 144 (1971).

The defendant also claims that the trial court erred by not allowing him two days to prepare for trial after he entered his plea. The state claims that the defendant waived this right when his attorney stated that he was ready to proceed to trial. We do not believe that the defendant waived his right to a two day delay.

The case of *State v. Cronk,* 78 Idaho 585, 307 P.2d 1113 (1957) indicates that this right can be waived. In that case the defendant was first read the information on February 3, 1955. At this time the defendant requested a continuance to move against the information. This request was granted by the district court. On February 14, 1955 the district court denied the defendant's motion to quash and set aside the information. This motion had been filed by the defendant on February 7, 1955. On May 23, 1955 the information was again read to the defendant and because of the defendant's refusal to enter a plea, the district court entered a plea of not guilty. The court then asked the defendant's attorney if he was ready to proceed to trial and the defendant's attorney indicated in the affirmative. The trial commenced. In the *Cronk* case, this Court held that the right to a two day delay had been waived and there was no showing of prejudice.

The *Cronk* case however is distinguishable from this appeal. The defendant's attorney in this case did state that he was ready to proceed to trial, but just a few hours before, that same morning, he had made a motion for a continuance at the proceeding to consider the defendant's sanity defense which was denied. It is understandable why the defendant's attorney did not make a similar motion that afternoon and why he stated that he was ready to proceed. In addition, in the *Cronk* case, the defendant had approximately three months to prepare for trial after he was first informed of the charges against him. The defendant in this case had no time to prepare for trial after he learned that the question of insanity would be submitted to the jury. We do not believe that the defendant made a knowing and intelligent waiver of his right to a two day delay.

The defendant's conviction is reversed and the case is remanded for a new trial.

McFADDEN, C. J., and SHEPARD, BAKES and BISTLINE, JJ., concur.