602 P.2d 71

STATE of Idaho, Plaintiff-Respondent,

v.

Freddy Allen COTTON, Defendant-Appellant.

No. 12692.

Supreme Court of Idaho.

Nov. 2, 1979.

---

574

Ronald J. Jarman, Pocatello, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

Freddy Allen Cotton, defendant-appellant (hereafter Cotton) was charged by information of four public offenses; namely, robbery (I.C. § 18–6501), attempted infamous crime against nature (I.C. §§ 18–306 and 6605), infamous crime against nature (I.C. § 18–6605), and second degree kidnapping (I.C. §§ 18–4501 and 4503). The jury rendered a verdict of guilty on all four counts and judgment of conviction was entered. Cotton was sentenced to an indeterminate sentence not to exceed fifteen years on the robbery charge and five years on each of the other charges, to run concurrently with the robbery sentence.

Cotton presents three issues in this appeal: (1) that the trial court erred in not dismissing the case following the presentation of the state's evidence; (2) that the trial court erred in its instructions on reasonable doubt, and in not giving his requested instruction on definition of reasonable doubt; and (3) that the trial court abused its discretion in imposition of sentence. The judgment of conviction and sentence are affirmed for reasons set out below.

On the evening of April 2, 1977, according to the state's evidence, Cotton accosted the victim in a well-lit underpass in the city of Pocatello. Cotton, at knifepoint, forced the victim to give him his wallet. Cotton then forced the victim to remove his trousers and attempted anal intercourse on the victim. Cotton then forced the victim to perform fellatio upon him and then ordered the victim to accompany Cotton, intending to take the victim to Cotton's house where the victim was to perform anal intercourse upon Cotton. At this point a young woman walked by them without incident. Upon reaching a bar on the other side of the underpass, she advised the police by phone what she observed and Cotton was arrested shortly thereafter.

According to Cotton, the only defense witness, the victim had made homosexual advances to him earlier in the evening at a bar, and that the victim accosted him in the underpass with a knife. Cotton claimed he disarmed the victim. The victim then offered Cotton money for various sexual acts. He dropped his wallet which Cotton picked up for him. Cotton and the victim were headed toward another bar when Cotton was arrested.

The first assignment of error, namely, that the court should have entered a judgment of acquittal upon the completion of the state's case, is without merit. The appellant, Cotton, contends that such a judgment should have been entered because of the inherent improbability of the victim's testimony. It is a well established principle that the credibility of witnesses and the weight to be given to testimony is to be determined by the jury and not by the court. *State v. Lewis,* 96 Idaho 743, 748, 536 P.2d 738, 743 (1975); *State v. Gailey,* 69 Idaho 146, 149, 204 P.2d 254, 257 (1949). Where there is competent although conflicting evidence to sustain the verdict, this court cannot reweigh that evidence or disturb the verdict. *State v. Froelich,* 96 Idaho 685, 535 P.2d 658 (1975); *State v. Lewis, supra.* In the instant case the jury was at liberty to believe the victim's version of the story or to reject it as unreliable. By convicting the appellant of the crimes charged, the jury chose to accept the victim's version versus that of the appellant. The victim furnished competent and sufficient evidence to support such a finding which was corroborated by the testimony of the young woman and the arresting police officers. At the close of the state's case the record contained sufficient evidence to constitute a prima facie case and the court did not err in refusing to dismiss the case.

The appellant claims that the court erroneously gave two instructions on the concept of reasonable doubt, and erred in failing to give his requested instruction

which more precisely defined the term "reasonable doubt." This court in *State v. Holm*, 93 Idaho 904, 907–8, 478 P.2d 284, 288 (1970), held that the instruction given as number 12 in this case fails to precisely define the term "reasonable doubt" and that such a definition is necessary. The court went on to say:

"It is our opinion that when such term [reasonable doubt] is used in an instruction, where the jurors are required to understand its meaning and apply it, the term should be defined more precisely so that there is no question in the jurors' minds with respect to the concept of 'reasonable doubt'. . . . The California jury instruction[1] . . . is clearer and more concise than the instruction which was given by the district court. Hereafter *whenever the concept of reasonable doubt is at issue* i. e., in all criminal cases, the defendant is *entitled* to such an instruction." (Emphasis added.) 98 Idaho 908, 478 P.2d at 288.

However, the court in *Holm* held that the defendant was entitled to a new trial on other grounds. It therefore declined to address *Holm's* contention that the instruction as given deprived him of constitutional due process, equal protection of laws, and a fair jury trial.

The appellant's requested jury instruction number 2 is the California jury instruction approved by this court in *State v. Holm, supra*, for use in every criminal case. Thus it was error for the district court to decline to give the requested instruction. The question now before this court is whether this is prejudicial error requiring reversal.

The instructions of which the appellant complains have in various parts been given in a number of previous cases. The language that the appellant identifies as particularly troublesome, "[y]ou are not at liberty to disbelieve as jurors[,] if from the evidence you believe as men", was used in the early case of *State v. Moon*, 20 Idaho 202, 214–15, 117 P. 757, 760–61 (1911). This court held that the instruction should be sustained. In *State v. Nolan*, 31 Idaho 71, 82–83, 169 P. 295, 297–98 (1917), the court stated that while this instruction was subject to criticism it was not sufficient of itself to amount to prejudicial and reversible error. The court said it was inclined to view that this part of the instruction was useless because it conveyed no information which men of ordinary intelligence didn't already possess. The court in *State v. Bassett*, 86 Idaho 277, 287, 385 P.2d 246, 251–52 (1963), followed the position taken by the court in *Moon, supra,* and *Nolan, supra,* stating that while the language was subject to criticism it was not sufficient to require a reversal. A review of Idaho cases where a reversal was ordered due to an erroneous instruction on reasonable doubt indicates that generally the instruction contained a misstatement of the law (*State v. Hix*, 58 Idaho 730, 78 P.2d 1003 (1938); *State v. Taylor*, 59 Idaho 724, 87 P.2d 454 (1939); *State v. Taylor*, 76 Idaho 358, 283 P.2d 582 (1955)) or the instruction was so confusing and argumentative as to mislead the jury (*State v. Dickens*, 68 Idaho 173, 191 P.2d 364 (1948)).

While instruction number 12 should not have been given, it is not so confusing, misleading or erroneous as to require a reversal. The instruction does not contain errors of law. In fact, it includes language that this court has approved that was not contained in the instruction given in *State*

1. CALJIC 2.90 (1979 Revision)

"PRESUMPTION OF INNOCENCE—REASONABLE DOUBT—BURDEN OF PROOF

"A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to a verdict of not guilty. This presumption places upon the State the burden of proving him guilty beyond a reasonable doubt.

"*Reasonable doubt is defined as follows:* It is not a mere possible doubt; because everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge."

*v. Holm, supra.*[2] Even though long it cannot be said that it would confuse the jury such that they would be unable to perform their duty. Therefore, we hold that the error was not prejudicial.

However as was stated in *State v. Holm, supra,* we must again reiterate that the instruction as stated in California Jury Instruction 2.90 (see n. 1) is preferred and is the one that all courts in Idaho should use in a criminal case.[3]

■ As to the giving of instruction number 11,[4] which the appellant also claims was in error, the instruction need not have been given if the California instruction discussed above had been given. However, this instruction was approved in *State v. Gilbert,* 8 Idaho 346, 351, 69 P. 62, 63–64 (1902). It was not disapproved in *State v. Dickens, supra,* 68 Idaho 173, 181, although the court in *Dickens* stressed that more concise language be used. The court holds that this

instruction was not such as would confuse the jury in light of the facts of this particular case and taken in conjunction with instruction number 10 which is the same as the first part of the California jury instruction in question.[5]

■ The appellant's third issue is that the trial court imposed an unduly harsh sentence. It is well established that the sentence to be imposed in any particular matter is within the discretion of the trial court and will not be disturbed on appeal unless an abuse of discretion appears. A sentence that is within the limits prescribed by statute ordinarily will not be considered an abuse of discretion. *State v. Seifart,* 100 Idaho 321, 597 P.2d 44, 45 (1979). Where a sentence is within the statutory limits, an appellant has the burden of showing a clear abuse of discretion on the part of the court imposing the sentence. *State v. Chapa,* 98

2. The instruction given contained the phrase "unless it is such that, were the same kind of doubt interposed in the graver transactions of life, it would cause a reasonable prudent man to hesitate and pause" approved in *State v. Taylor,* 76 Idaho 358, 362, 283 P.2d 582, 585 (1955).

3. A review of reasonable doubt instructions given in other jurisdictions and in the federal courts points to the confusion that has surrounded various attempts to define the terms for the jury. Most of the approved instructions do not add much to the jury's understanding of the terms and are filled with ambiguities. See, in addition to cited Idaho cases, *State v. Wentworth,* 395 A.2d 858 (N.H.1978); *Holland v. U. S.,* 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954); *U. S. v. MacDonald,* 455 F.2d 1259 (1st Cir. 1972), cert. den. 406 U.S. 962, 92 S.Ct. 2073, 32 L.Ed.2d 350 (1972); *Dunbar v. U. S.,* 156 U.S. 185, 15 S.Ct. 325, 39 L.Ed. 390 (1895). The disapproved instructions have generally been disapproved because of a misstatement of law. *Dunn v. Perrin,* 570 F.2d 21 (1st Cir. 1978); *U. S. v. Flannery,* 451 F.2d 880 (1st Cir. 1971).

There is a great division among the states on how to handle the reasonable doubt instruction. Some states have declared it to be error for the trial judge to attempt to define reasonable doubt. *Faubion v. State,* 569 P.2d 1022 (Okl.Cr.1977); *Blakely v. State,* 542 P.2d 857 (Wyo.1975). Other jurisdictions have held that it was not error to fail to define the terms. *State v. Hatton,* 176 Ariz. 142, 568 P.2d 1040 (1977); *State v. Ponds,* 218 Kan. 416, 543 P.2d

967 (1975). Various other courts, including Idaho and the federal courts, have held that an accused is entitled to a definition. *Holland v. U. S., supra; People v. Kane,* 27 Cal.2d 693, 166 P.2d 285 (1946); *State v. McHenry,* 88 Wash.2d 211, 558 P.2d 188 (1977). We favor the California instruction not because it is a perfect definition, but because it is short and less confusing than others.

4. Instruction 11
"The law, which clothes every person accused of crime with the presumption of innocence, and imposes upon the State the burden of establishing the guilt of the defendant beyond a reasonable doubt, is not intended to aid anyone who is in fact guilty of crime to escape, but is a humane provision of the law, intended so far as human agencies can, to guard against the danger of an innocent person being unjustly punished."

5. Instruction 10
"The Court instructs the jury that it is the duty of the prosecution in this case to prove every material allegation of the information beyond a reasonable doubt. The defendant is presumed to be innocent throughout all the stages of this trial until proven guilty beyond a reasonable doubt. Such presumption is not a mere form to be disregarded, but is an essential, substantive part of the law, and unless the evidence discloses the guilt of the defendant beyond a reasonable doubt, the defendant is entitled to acquittal."

Idaho 54, 558 P.2d 83 (1976). This sentence was within the statutory limits.[6]

■ The appellant attempts to meet his burden of showing abuse of discretion by contending that the court should have granted his motion to have him examined by a psychiatrist and have ordered a presentence investigation. While rule 37(a) of the Idaho Rules of Criminal Procedure states that a trial judge need not require a presentence investigation report in every case and that it is within the court's discretion to do so, the rule also states that when the trial court does not require a presentence investigation in a felony case, the court must show affirmatively why it was not ordered. However, in this case, the appellant himself indicated to the court that there was no need for a presentence report.

In *State v. Whitman*, 96 Idaho 489, 531 P.2d 579 (1975), this court addressed this very question and stated that when the defendant does not request the withholding or suspension of sentence and the disposition of probation, no presentence investigation need be made; the court must only affirmatively state why no report was made when there is such an application. No such application was made here. Sentencing in this case did not take place until over a week after the verdict was rendered which was ample time for the appellant to have made such a request. At the time the verdict was returned, the appellant requested a psychiatric examination but did not request probation or suspension of sentence.

The appellant asserts that the trial court also erred in not ordering a psychiatric examination. There are no factors before this court showing any error in discretion by the trial court in refusing the request.[7]

This case is distinguishable from the case of *State v. French*, 95 Idaho 853, 522 P.2d 61 (1974), where this court held that it was essential to have a psychological examination before pronouncing judgment. French had requested probation and the trial court had ordered a presentence investigation and report. Rule 37(c) of the Idaho Rules of Criminal Procedure states that a psychological evaluation is required as part of a presentence investigation report where the report's description of the defendant's psychological condition leads the court to conclude that the particular case is one which indicates a need for a psychological evaluation. This was just the situation that existed in *State v. French, supra.* French was a man with a wife and family. He had never committed a crime before and was completely astounded by his own unexplainable behavior. The appellant, in the case at hand, as stated above, made no request for probation. Only the fact that sodomy is an unusual crime was presented to the court in support of the request for the evaluation.[8]

■ The appellant has not provided the court with a transcript of the sentencing hearing. From the record before us it is unclear why the motion was denied. On appeal, error will not be presumed from a silent record. The burden of proving error is on the appellant. *State v. Wolfe*, 99 Idaho 382, 390, 582 P.2d 728, 736 (1978). Therefore, without any record of the proceedings other than a brief statement that the respondent submitted, we cannot presume that the trial court erred in denying the motion.

■ The appellant had two additional opportunities to bring evidence before the

6. The statutes provide for the following sentences: robbery, 5 years to life (I.C. § 18–6503); attempted infamous crime against nature, attempt is one half (½) the longest term of imprisonment prescribed on conviction of the offense attempted (I.C. § 18–306); infamous crime against nature, not less than 5 years (I.C. § 18–6605); second degree kidnapping, one to twenty-five years (I.C. § 18–4504).

7. Psychiatric examination is required pursuant to I.C. § 18–211 only when the defendant has

filed notice of his intention to rely on a defense of mental illness or defect. *State v. Cook*, 98 Idaho 686, 571 P.2d 332 (1971). No such notice was filed and from the transcript, it is evident that this was not the theory of the defense.

8. Although Rule 37(c) was not in effect at the time *French* was decided the court utilized the criteria now codified when it held that the failure to include psychological evaluation was error.

court as to any mitigating circumstances. I.C. § 19–2515(a) provides that upon oral or written suggestion of either party that there are circumstances which may be properly taken into view either in aggravation or mitigation of punishment the court may, in its discretion, hear the same summarily at a specified time and upon such notice to the adverse party as it may direct. In addition, rule 32(a)(1) of the Idaho Rules of Criminal Procedure provides that before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and shall allow the defendant if he wishes to make a statement in his own behalf to present any information in mitigation of punishment. From the record before this court it is not known whether the appellant availed himself of either of these procedures for presenting mitigating evidence. We can only assume without any showing of error, that the opportunity was given to the appellant and such factors considered. The appellant has not shown abuse of discretion by the trial court in imposing sentence.

There being no error requiring reversal, we affirm the judgment.

DONALDSON, C. J., and SHEPARD and BISTLINE, JJ., concur.

BAKES, Justice, concurring specially:

I concur with the majority that there was no prejudicial error in this case and the judgment should be affirmed. I question, however, the Court's *carte blanche* approval of the California jury instruction number 2.90 set out in footnote 1, *ante* at 74. That instruction has its own problems. As an example, the instruction states that everything relating to human affairs, and depending on "moral evidence," is open to some possible or imaginary doubt. I have always thought that the use of the word "moral" in that part of the instruction was a typographical error which had been blindly perpetuated throughout the years. I was surprised to find the phrase "moral evidence" defined in Black's Law Dictionary (5th ed.), p. 909, as:

"As opposed to 'mathematical' or 'demonstrative' evidence, this term denotes that kind of evidence which, without developing an absolute and necessary certainty, generates a high degree of probability or persuasive force. It is founded upon analogy or induction, experience of the ordinary course of nature or the sequence of events, and the testimony of men."

We do not instruct the jury on the definition of "moral evidence" and it is well that we don't; otherwise the jury might conclude that a reasonable doubt can only be raised by "moral evidence," and not by the other kinds, i. e., "mathematical" or "demonstrative" evidence. If we are going to adopt the California jury instruction in Idaho, we ought to excise the word "moral" in front of the word "evidence."

The instruction then goes on to advise the jury that there is a reasonable doubt if the evidence "leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a "moral certainty, of the truth of the charge." There certainly is a question whether a jury is any better informed by equating a lack of reasonable doubt with "an abiding conviction, to a moral certainty, of the truth of the charge," as the California jury instruction provides, rather than by defining reasonable doubt as "the same kind of doubt interposed in the graver transactions of life [which] would cause a reasonable and prudent man to hesitate and pause," as the trial court instructed in this case.

It is problematical whether a jury would be helped any more by giving one than the other, and it may well be that the words themselves, "reasonable doubt," have a clearer meaning than the definition set out in either instruction. This no doubt accounts for those cases cited in footnote 3 of the majority opinion, *ante* at 75, which state that either it is error for a trial judge to attempt to define reasonable doubt, or that it is not error to fail to define the term. As the Wyoming Supreme Court recently observed:

"[T]he term 'reasonable doubt' need not be defined and a trial court would be well-advised to avoid instructions on rea-

sonable doubt. Therefore, an instruction purporting to define reasonable doubt should not be given.

"We again reviewed the matter of giving a reasonable-doubt instruction in *Bentley v. State*, Wyo., 502 P.2d 203, 206. In that case we said the phrase 'reasonable doubt' is self-explanatory and definitions do not clarify its meaning but rather tend to confuse the jury." *Cosco v. State*, 521 P.2d 1345, 1346 (Wyo.1974).

BISTLINE, Justice, specially concurring.

On the one hand we have the Court holding that it was error for the trial court to refuse defendant's instruction on reasonable doubt, the Court having in the year 1970 given that instruction the stamp of approval. On the other hand we have one member of the Court casting doubt on that instruction. There is much to what Justice Bakes writes. "Beyond a reasonable doubt" may well be sufficient without further explanation and attempts at further refinements to the definition may cause confusion where perhaps none existed.

However, I agree with Justice McFadden that the failure to give the approved instruction was not error, and the instruction which was given "is not so confusing, misleading or erroneous as to require a reversal." I do not see any language contained in the refused instruction which, had that instruction been given, would have produced a different result.

It does seem that the question having been raised by Justice Bakes, some further discussion by the Court might have been in order. Frankly, as with Justice Bakes, I do not see much in the California jury instruction to commend it. Sitting as the new member of a court which has allowed itself to become deeply involved in the making of rules, some of which I fear transcend into the substantive law, it seems that we could take time to delve more deeply into the validity of the instruction now brought into question.

Criticism of the California instruction means little, however, unless it is constructive. Accordingly, I offer up for semantic dissection the following suggested instruction on reasonable doubt:

The law gives a defendant in a criminal action a presumption of innocence which presumption remains with the defendant throughout the trial. The law places upon the State the burden of proving the defendant guilty. This is not the burden of proving that the defendant is more likely guilty than innocent, but requires that the evidence presented prove the defendant's guilt beyond a reasonable doubt. Doubt is a word of common usage and needs no further definition. A reasonable doubt is simply a doubt which you would entertain because to you it is reasonable. If, however, to you the doubt is not reasonable, then you will not entertain it, but cast it out.

Beyond is equally a word of common usage. Hence you are simply instructed that the evidence presented must convince you at least beyond a reasonable doubt that the defendant is guilty. In reaching a verdict you should be mindful that "beyond a reasonable doubt" is the same quality of proof which you would want required were you a defendant charged with a crime.