189 P.3d 475

STATE of Idaho, Plaintiff–Respondent,

v.

Nathan Jens CROCKETT,
Defendant–Appellant.

No. 32130.

Court of Appeals of Idaho.

June 10, 2008.

Review Dismissed July 31, 2008.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Chief Judge.

Nathan Jens Crockett appeals from his sentence, as modified by the district court upon his successful Idaho Criminal Rule 35 motion, after he was convicted of two counts of lewd conduct with a minor under sixteen. We affirm.

## I.

### FACTS AND PROCEDURE

Crockett was charged with five counts of lewd conduct with a minor under sixteen, Idaho Code § 18–1508, for the sexual abuse of his five-year-old daughter from the time she was three years of age. Pursuant to a plea agreement, he pled guilty to two of the counts and was sentenced to two concurrent unified terms of thirteen years, with three years determinate. The district court retained jurisdiction. After Crockett completed his rider, the court relinquished jurisdiction based on Crockett's failure to obtain a full disclosure polygraph test by the date of the rider review hearing as well as concerns

that he may have had additional victims and/or made threats against his daughter to conceal his behavior.

Crockett filed a Rule 35 motion for reduction of sentence, submitting to the court the results of his full disclosure polygraph and an issue-specific polygraph that he had passed indicating that he had disclosed all of his victims, had provided the court with all relevant information regarding his past sexual history without minimizing any of his sexual contacts, and had not threatened his daughter in order to obtain her silence. The district court granted his motion and suspended his sentence, placing him on probation for life and ordering him to serve 360 days in jail. Crockett now appeals.

## II.

## ANALYSIS

■■■ Crockett contends the district court abused its discretion when it imposed a term of lifetime probation upon granting his Rule 35 motion for reconsideration of sentence. Initially, we note that a lower court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal,* 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct.App.1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez,* 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991); *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). Crockett has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce the sentence on his Rule 35 motion. *See State v. Cotton,* 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). If the sentence was not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with the motion for reduction. *State v. Huffman,* 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). We note that this Court reviews the length of the entire sentence. *State v. Oliver,* 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Recently, this Court expressed concern over lengthy sentences that discount any possibility of rehabilitation or successful re-entry into society. *See State v. Cook,* 145 Idaho 482, 180 P.3d 521 (Ct.App.2008). We noted in *Cook* that a sentence can be structured in a manner that confines an offender for a lengthy period, yet does not rigidly force correctional authorities to hold an inmate in prison long after rehabilitative progress or the effects of aging may have ameliorated the risk of recidivism. *Id.* (citing *State v. Eubank,* 114 Idaho 635, 639, 759 P.2d 926, 930 (Ct.App.1988)). We do not believe, however, that such a concern applies with equal force to a sentence of probation. Importantly, in regard to a defendant placed on probation (unlike one imprisoned or paroled), the court retains jurisdiction, thus retaining the ability to modify the conditions of supervision, even to the extent of discharging a defendant from probation altogether at a date earlier than the sentence imposed if it has served its rehabilitative purpose. I.C. §§ 20–221, 20–222. Thus, once the defendant has been rehabilitated, the district court has jurisdiction to discharge that defendant—an option that does not present itself when the defendant is imprisoned or paroled.

Here, Crockett was convicted of two felonies, each carrying the possibility of life imprisonment, I.C. § 18–1508, thus making the imposition of probation for life legal under Idaho law. In support of his Rule 35 motion, Crockett submitted information indicating he was taking aggressive steps to rehabilitate, that he had no prior criminal record, that he had been gainfully employed for most of his adult life, that he had accepted responsibility for his actions, that he performed well on his rider, and that he was identified as a low/moderate risk to re-offend. The district court considered all this information and balanced it against the facts of the case, which established that Crockett sexually abused his five-year-old daughter over a period of two years, until he was discovered by his wife standing over the child with his pants unzipped and his penis exposed. The district court, knowing it retained the power to modify the terms of probation, found the term of life probation necessary to serve the goal of

protecting society, and the related goals of rehabilitation, retribution and deterrence.

Having examined the record in this case, in concert with our determination that probation for life is not as onerous as incarceration for life—and that the imposition of probation for life is allowed by statute—we conclude that Crockett has failed to show the district court abused its discretion. Accordingly, the order of the district court granting his Rule 35 motion is affirmed.

Judge LANSING and Judge PERRY concur.