**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 38588 & 38641**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 507** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 12, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **AMANDA GAYLE DURR,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gregory M. Culet, District Judge.

Order granting I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Amanda Gayle Durr pled guilty to possession of methamphetamine, I.C. § 37-2732(c)(1), in Docket No. 38588. Durr also pled guilty to possession of methamphetamine, I.C. § 37-2732(c)(1), and possession of a controlled substance with intent to deliver, I.C. § 37-2732(A)(1)(a), in Docket No. 38641. The district court sentenced Durr to concurrent unified terms of seven years, with minimum periods of confinement of three and a half years. However, the district court retained jurisdiction and allowed Durr the opportunity to participate in the rider program. Thereafter, the district court relinquished jurisdiction. Durr filed I.C.R 35 motions for reduction of her sentences, which the district court granted by reducing Durr's sentences to concurrent unified terms of seven years, with minimum periods of confinement of two and a half years. Durr appeals.

1

Initially, we note that a lower court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). Since the district court later modified Durr's sentences, pursuant to her Rule 35 motions, we will only review Durr's modified sentences for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992).

Durr has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce the sentences on Durr's Rule 35 motions. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Durr has failed to show such an abuse of discretion. Accordingly, the orders of the district court granting Durr's Rule 35 motions are affirmed.