# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38779

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 689 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 24, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ACE BRANDON NICHOLS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Fremont County. Hon. Gregory W. Moeller, District Judge.

Order modifying sentence pursuant to I.C.R. 35 motion for reduction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Ace Brandon Nichols was convicted of rape, Idaho Code § 18-6101(1). The district court imposed a unified sixteen-year sentence with six years determinate. Nichols filed an Idaho Criminal Rule 35 motion, which the district court granted by reducing the indeterminate portion to fifteen years. Nichols appeals, contending that the district court abused its discretion in failing to further reduce his sentence pursuant to his I.C.R. 35 motion.

Initially, we note that a lower court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*,

1

121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). Since the district court later modified Nichols' sentence, pursuant to his Rule 35 motion, we will review only Nichols' modified sentence for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992).

Nichols has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce the sentence on Nichols' Rule 35 motion. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Nichols has failed to show such an abuse of discretion. Accordingly, the order of the district court granting Nichols' Rule 35 motion is affirmed.