IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 40284/40285

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 561 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 2, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DEVIN CHRISTOPHER LUTZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Order denying I.C.R. 35 motion for reduction of sentences, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this consolidated appeal, Devin Christopher Lutz pleaded guilty to manufacturing of a controlled substance, Idaho Code § 37-2732(a)(1)(A); eluding, I.C. § 49-1404(2)(a); trafficking in marijuana, I.C. § 37-2372B(1)(B); and possession of methamphetamine, I.C. § 37-2732(c)(1). The district court imposed concurrent unified sentences of fifteen years with six years determinate for manufacturing, five years determinate for eluding, fifteen years with six years determinate for trafficking, and six years determinate for possession. Lutz filed an Idaho Criminal Rule 35 motion, which the district court granted without a hearing. The district court reduced the sentence for manufacturing to fifteen years with four years fixed; eluding to five years with four years fixed; trafficking to fifteen years with four years fixed; and possession to

1

six years with four years fixed. Lutz appeals, contending that the district court abused its discretion in failing to further reduce his sentences.

Initially, we note that a lower court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). Since the district court later modified Lutz's sentences, pursuant to his Rule 35 motion, we will only review Lutz's modified sentences for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992).

Lutz has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce the sentences on Lutz's Rule 35 motion. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Lutz has failed to show such an abuse of discretion. Accordingly, the order of the district court granting Lutz's Rule 35 motion is affirmed.