**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45964**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 6, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| AARON LUCIO, JR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Gregory W. Moeller, District Judge.

Order granting I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge; and BRAILSFORD, Judge

_____

PER CURIAM

Aaron Lucio, Jr. pled guilty to aggravated assault. I.C. § 18-901. In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Lucio to a unified term of five years, with a minimum period of confinement of four years.[1] Lucio filed an I.C.R. 35 motion, which the district court granted by reducing Lucio's sentence to a unified term

_____

[1]  Lucio also pled guilty to misdemeanor domestic battery and was sentenced to a concurrent term of six months. However, he does not challenge that sentence on appeal.

1

of five years, with a minimum period of confinement of three years. Lucio appeals, arguing that the district court erred in not further reducing Lucio's sentence.

Initially, we note that a lower court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Since the district court later modified Lucio's sentence, pursuant to his Rule 35 motion, we will only review Lucio's modified sentence for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992).

Lucio has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce the sentence on Lucio's Rule 35 motion. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Lucio has failed to show such an abuse of discretion. Accordingly, the order of the district court granting Lucio's Rule 35 motion is affirmed.