**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46404**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 16, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOSE D. SCHMERBER, III, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas W. Whitney, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>; order granting, in part, Idaho Criminal Rule 35 motion for reduction of sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

Jose D. Schmerber, III, pled guilty to criminal possession of a financial transaction card, Idaho Code § 18-3125. The district court imposed a unified sentence of five years with a two-year determinate term and retained jurisdiction. Schmerber was sent to participate in the rider program and, after Schmerber completed his rider, the district court relinquished jurisdiction. Schmerber filed an Idaho Criminal Rule 35 motion, requesting that the district court place him on probation. The district court partially granted the Rule 35 motion, reducing the indeterminate portion of the sentence by one year.

1

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Schmerber has failed to show that the district court abused its discretion in relinquishing jurisdiction.

A lower court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Since the district court later modified Schmerber's sentence, pursuant to his Rule 35 motion, we will only review Schmerber's modified sentence for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992).

Schmerber has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce the sentence on his Rule 35 motion. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Schmerber has failed to show such an abuse of discretion. Accordingly, the order of the district court relinquishing jurisdiction and the order partially granting Schmerber's Rule 35 motion are affirmed.