# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49736

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 14, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JAMES FRANKLIN SNYDER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order granting I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

James Franklin Snyder pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). In exchange for his guilty plea, an additional charge and an allegation that he is a persistent violator were dismissed. The district court sentenced Snyder to a unified term of seven years, with a minimum period of confinement of three years. The district court suspended the sentence and placed Snyder on probation. Snyder admitted to violating the terms of his probation. The district court revoked probation, ordered execution of his sentence, but retained jurisdiction. Following completion of his rider, the district court again suspended the sentence and placed him

1

back on probation. Thereafter, Snyder again admitted to violating the terms of his probation. The district court revoked probation and ordered execution of Snyder's original sentence.

Snyder filed an I.C.R. 35 motion requesting that the district court place him on supervised probation or retain jurisdiction. The district court granted Snyder's Rule 35 motion by again retaining jurisdiction. Snyder appeals, arguing that the district court should have further reduced his sentence.

Initially, we note that a lower court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Since the district court later modified Snyder's sentence, pursuant to his Rule 35 motion, we will only review Snyder's modified sentence for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992).

Snyder has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce the sentence on his Rule 35 motion. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Snyder has failed to show such an abuse of discretion. Accordingly, the order of the district court granting his Rule 35 motion is affirmed.