**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51103**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 25, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CHARLES NEPHI WILLIAMS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Stevan H. Thompson, District Judge.

Judgment of conviction and unified term of ten years, with a minimum period of confinement of three years, for felony driving under the influence, <u>affirmed</u>; order granting I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Charles Nephi Williams pled guilty to felony driving under the influence. Idaho Code § 18-8004. In exchange for his guilty plea, an additional charge that he is a persistent violator was dismissed. The district court sentenced Williams to a unified term of ten years, with a minimum period of confinement of four years. Williams filed an Idaho Criminal Rule 35 motion, which the district court granted. The district court amended Williams' sentence to a unified term of ten years, with a minimum period of confinement of three years. Williams appeals, arguing that his sentence

1

is excessive and the district court erred by not further reducing his sentence pursuant to his Rule 35 motion for reduction of sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Initially, we note that a lower court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Since the district court later modified Williams' sentence, pursuant to his Rule 35 motion, we will only review Williams' modified sentence for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992).

Williams has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce the sentence on Williams' Rule 35 motion. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Williams has failed to show such an abuse of discretion. Accordingly, Williams' judgment of conviction, sentence, and the district court's order granting Williams' Rule 35 motion are affirmed.