# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52367

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 26, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ASH JUSTIN SOLORIO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction and modified unified sentence of five years with a minimum period of confinement of two years for battery on a police officer, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Ash Justin Solorio entered an *Alford*[1] plea to battery on a police officer, Idaho Code §§ 18-915(3) and 18-903. In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified term of five years with two and one-half years determinate and retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction and imposed a modified sentence of five years with two years determinate, with credit

_____

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

for the 508 days served. Solorio appeals, claiming that the district court abused its discretion by relinquishing jurisdiction and refusing to further reduce his sentence.

Solorio argues that the district court abused its discretion by relinquishing jurisdiction instead of granting probation or, alternatively, to commute his sentence. We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Solorio has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Upon relinquishing jurisdiction, the district court, pursuant Idaho Criminal Rule 35, reduced the determinate portion of Solorio's sentence by six months. Solorio argues that the district court should have further reduced his sentence. Initially, we note that a trial court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Since the district court later modified Solorio's sentence pursuant to Rule 35, we will only review Solorio's modified sentence for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992).

Solorio has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce his sentence. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Solorio has failed to show such an abuse of discretion.

Accordingly, the order of the district court relinquishing jurisdiction and ordering execution of Solorio's reduced sentence is affirmed.