# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52334

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

AIDEN GRANT SKINNER,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: October 10, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order granting I.C.R. 35 motion for reduction of sentences, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

    Aiden Grant Skinner pled guilty to two amended counts of felony injury to a child. I.C. § 18-1501(1). The district court sentenced Skinner to consecutive unified terms of ten years, with minimum periods of confinement of nine years. Skinner filed an I.C.R. 35 motion, which the district court granted and reduced his sentences to consecutive unified terms of ten years, with minimum periods of confinement of eight years. Skinner appeals, arguing that the district court erred in not further granting relief on his Rule 35 motion.

    Initially, we note that a lower court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882

1

P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Since the district court later modified Skinner's sentences, pursuant to his Rule 35 motion, we will only review his modified sentences for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992).

Skinner has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce the sentence on his Rule 35 motion. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Skinner has failed to show such an abuse of discretion. Accordingly, the order of the district court granting Skinner's Rule 35 motion is affirmed.