**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52487**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 25, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| WILSON PERCIC FULTZ HARVEY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order granting I.C.R. 35(b), in part, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

_____

PER CURIAM

Wilson Percic Fultz Harvey pled guilty to possession of a controlled substance. Idaho Code § 37-2732(c)(1). The district court sentenced Harvey to a unified term of seven years with three years determinate to be served consecutively to a sentence in an unrelated matter and retained jurisdiction. During the period of retained jurisdiction, the district court relinquished jurisdiction and imposed the underlying sentence. Harvey filed an Idaho Criminal Rule 35(b) motion, asking the district court to reduce his sentence to a unified term of four years with two years determinate to run concurrently with the sentence in an unrelated matter. At the hearing on the motion, the district court granted Harvey's motion in part and reduced his sentence to a unified term of five

1

years with two years determinate and ordered the sentence to run concurrently with the unrelated matter. Harvey appeals challenging the district court's decision not to further reduce his sentence.

Initially, we note that a trial court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Since the district court later modified Harvey's sentence, pursuant to his Rule 35 motion, we will only review Harvey's modified sentence for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992).

Harvey has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce the sentence on Harvey's Rule 35 motion. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Harvey has failed to show such an abuse of discretion. Accordingly, the order of the district court granting, in part, Harvey's Rule 35 motion is affirmed.