IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44413

| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 430 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 17, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DAKOTA J. SMITH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Susan E. Wiebe, District Judge.

Order revoking probation, affirmed; order partially granting Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Dakota J. Smith pled guilty to grand theft, Idaho Code §§ 18-2403(1), 18-2407(1)(b). The district court imposed a unified sentence of seven years, with a minimum period of confinement of three years, suspended the sentence, and placed Smith on probation. Subsequently, Smith admitted to violating the terms of the probation, and the district court consequently revoked probation, ordered execution of the original sentence, and retained jurisdiction. Upon completion of retained jurisdiction, Smith was placed on probation. Smith violated his probation but it was reinstated with the condition that Smith successfully complete a drug court program. Smith completed the program but subsequently incurred several additional

1

reports of probation violations. The district court revoked Smith's probation and ordered execution of the underlying sentence. Smith filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court granted in part by reducing Smith's sentence to a unified term of six and one-half years, with a minimum period of confinement of two and one-half years. Smith appeals, contending that the district court abused its discretion in revoking probation and in declining to further reduce his sentence.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Initially, we note that a lower court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Since the district court

later modified Smith's sentence, pursuant to his Rule 35 motion, we will only review Smith's modified sentence for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992).

Smith has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce the sentence on Smith's Rule 35 motion. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Smith has failed to show such an abuse of discretion.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in partially granting Smith's Rule 35 motion for reduction of sentence. Therefore, the order revoking probation and the order partially granting Smith's Rule 35 motion are affirmed.